**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X   Case No.:
FREDERIX RUIZ TORRES individually and on behalf of
others similarly situated,

                              Plaintiff,

      -against-

ROSSOMELA, INC. D/B/A ROSSOPOMODORO,
SIMO PIZZA LLC D/B/A SIMO PIZZA, SIMONE
FALCO, *individually*, and MIGUEL LOPEZ,
*individually*,

                             Defendants.
---------------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**PLAINTIFF DEMANDS**
**A TRIAL BY JURY**

Plaintiff, FREDERIX RUIZ TORRES, by and through his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants as follows:

**NATURE OF THE CASE**

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), the New York State Human Rights Law, New York State Executive Law § 296, et. seq. ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), et. seq. ("NYCHRL") and seeks damages to redress the injuries he has suffered as a result of being assaulted and battered, discriminated against, sexually harassed, and subjected to a hostile work environment on the basis of gender and/or perceived sexual orientation.

2. Plaintiff also brings this action, individually and on behalf of all similarly situated persons, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the New York Labor Law, N.Y.

1

Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

3. Plaintiff seeks certification of this action as a collective action on behalf of himself individually, and of all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

5. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state and city law pursuant to 28 U.S.C. §1367.

6. Venue is proper in this District pursuant to 28 U.S.C. 1391(b), as the acts complained of occurred within the Southern District of New York.

## PROCEDURAL PREREQUISITES

7. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

8. Plaintiff received a Notice of Right to Sue from the EEOC, dated December 26, 2019, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

9. This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

*Plaintiff*

10. That at all times relevant hereto, Plaintiff FREDERIX RUIZ TORRES ("Plaintiff") is male and a resident of the State of New York and Bronx County.

*Defendants*

11. That at all times relevant hereto, Defendant ROSSOMELA INC. D/B/A ROSSOPOMODORO ("ROSSOPOMODORO") was and is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York with a principle place of business located at 118 Greenwich Avenue, New York, New York 10011.

12. Defendant ROSSOPOMODORO operates a pizza restaurant located at 118 Greenwich Avenue, New York, New York 10011 ("Rossopomodoro location").

13. That at all times relevant hereto, Defendant SIMO PIZZA LLC. D/B/A SIMO PIZZA ("SIMO") was and is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York with a principle place of business located at 90-92 Gansevoort St., New York, New York 10014.

14. Defendant SIMO operates a pizza restaurant located at 90-92 Gansevoort St., New York, New York 10014 ("Simo Pizza location").

15. Defendants ROSSOPOMODORO and SIMO ("Corporate Defendants") are associated and joint employers, act in the interest of each other with respect to employees and share control over employees.

16. Plaintiff was an employee of Defendant ROSSOPOMODORO from July 2016 until November 2019. Plaintiff was an employee of both Corporate Defendants between July 2018 and November 2019.

17. Upon information and belief, Corporate Defendants employ at least fifteen (15) or more employees.

18. That at all times relevant hereto, Defendants ROSSOPOMODORO, SIMO, FALCO, AND LOPEZ, are collectively referred to herein as "Defendants."

*Defendant SIMONE FALCO*

19. Individual Defendant SIMONE FALCO ("FALCO") possesses operational control over both Defendant Corporations, possesses ownership interest in both Defendant Corporations, and controls significant functions of both Defendant Corporations. Defendant FALCO had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

20. That at all times relevant hereto, Plaintiff has been an employee of Defendant FALCO for purposes of the FLSA and NYLL.

*Defendant MIGUEL LOPEZ*

21. At all times relevant, Individual Defendant MIGUEL LOPEZ ("LOPEZ") was employed by Defendant ROSSOPOMODORO as the "Kitchen Manager" and "Chef Partner" at the restaurant.

22. That at all times relevant hereto, Defendant LOPEZ had supervisory authority over Plaintiff. Defendant LOPEZ had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

23. Defendants operate a restaurant located in New York.

24. Each Defendant possesses substantial control over Plaintiff's and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

25. Defendants jointly employed Plaintiff, and all similarly situated individuals, and are their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

26. In the alternative, Defendants constitute a single employer of Plaintiff and similarly situated individuals.

27. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL. Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for their services.

28. Upon information and belief, Corporate Defendants had a gross annual volume of sales of not less than $500,000 at all relevant times.

### PLAINTIFF'S UNPAID MINIMUM AND OVERTIME WAGE CLAIMS

#### *Individual Plaintiff*

29. Plaintiff is a former employee of Defendants and was employed as a dishwasher.

30. Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

#### *Plaintiff Frederix Ruiz Torres*

31. On or about July 2016, Plaintiff was hired as a dishwasher at the Rossopomodoro location.

32. Plaintiff's role was changed to food runner in approximately November 2016. As a food runner, Plaintiff was responsible for communicating food orders to kitchen staff and delivering food orders to customers' tables.

33. From the beginning of his employment until approximately July 2018, Plaintiff worked at Rossopomodoro from 4:00 p.m. until either midnight or 1:00 a.m. five days per week (approximately 40-45 hours per week).

34. From approximately July 2018 to approximately June 2019, Plaintiff worked for Defendants at both the Rossopomodoro and Simo Pizza locations. During this period, Plaintiff worked at Rossopomodoro from 4:00 p.m. until either midnight or 1:00 a.m. five days per week, and at Sima Pizza from 11:00 a.m. until 4:00 p.m. four days per week (approximately 60-65 hours per week).

35. Throughout his employment, Plaintiff was paid by check.

36. From approximately July 2016 until November 2016, Plaintiff was paid $8.65 per hour for his work at the Rossopomodoro location.

37. From approximately November 2016 until January 2018, Plaintiff was paid $7.50 per hour for his work at the Rossopomodoro location.

38. From approximately January 2018 until July 2018, Plaintiff was paid $8.65 per hour for his work at the Rossopomodoro location.

39. From July 2018 until January 2019, Plaintiff was paid $8.65 per hour for his work at the Rossopomodoro location and $14.00 per hour for his work at the Sima Pizza location. Plaintiff has not been paid for an additional hour's pay for each day his spread of hours exceeded ten at the Rossopomodoro and Sima Pizza locations.

40. From January 2019 until approximately June 2019, Plaintiff was paid $10.00 per hour for his work at the Rossopomodoro location and $15.00 per hour for his work at the Sima Pizza location. Plaintiff was not been paid for an additional hour's pay for each day his spread of hours exceeded ten at the Rossopomodoro and Sima Pizza locations.

41. From July 2018 until approximately June 2019, Plaintiff did not receive an overtime premium for the hours he worked at Defendants' Sima Pizza location, despite working forty or more hours per week at Defendants' Rossopomodoro location.

42. Plaintiff was never notified by Defendants that his tips are being included as an offset for wages; accordingly, Defendants were not entitled to pay Plaintiff below the minimum wage by taking a tip-credit on Plaintiff's wages at any time during his employment.

43. Defendants never granted Plaintiff any breaks or meal periods of any kind.

44. Plaintiff regularly handled goods in interstate commerce, such as dishware produced outside the State of New York.

45. Defendants did not provide Plaintiff an accurate statement of wages, as required by NYLL 195(3).

46. Defendants did not properly give any notice to Plaintiff of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*PLAINTIFF'S DISCRIMINATION, SEXUAL HARASSMENT, AND HOSTILE WORK ENVIRONMENT CLAIMS*

47. In the beginning of 2018, Plaintiff's work environment became permeated with sexual harassment from Defendant LOPEZ, the Kitchen Manager at the RossoPomodoro location.

48. In approximately March 2018, Defendant LOPEZ began referring to the Plaintiff as "mamasita" in full view of the kitchen staff.

49. Defendant LOPEZ also began engaging in other harassing behavior to the Plaintiff, including bending over publicly in the kitchen and telling Plaintiff "I know you like that."

50. In approximately July 2018, Defendant Lopez began making comments that Plaintiff was "the manager." When asked to explain what he meant, Defendant Lopez informed the Plaintiff that he was going to call him that because Plaintiff "liked to give blowjobs to the owner" of the Rossopomodoro location.

51. Defendant LOPEZ's harassment soon escalated to physical touching. In approximately October 2018, Defendant LOPEZ sneaked up behind the Plaintiff and rubbed his penis against the Plaintiff's backside.

52. Plaintiff, outraged, responded to Defendant LOPEZ's actions by informing him he intended to complain about his conduct. Defendant LOPEZ responded by threatening the Plaintiff, telling him that if he complained, "[G]ood luck because you'll never find another job."

53. Devastated to be treated this way by one of the managers at the restaurant, Plaintiff was initially dissuaded from complaining about Defendant LOPEZ's conduct. However, in approximately November 2018, Plaintiff revealed Defendant LOPEZ's harassment to Anthony, a manager at both the Rossopomodoro and Simo Pizza locations. Nevertheless, no apparent disciplinary action was or has been taken based on Plaintiff's complaint.

54. Defendants Lopez's harassing conduct and comments were constant and continuing until approximately June 2019. On May 9, 2019, Defendant Lopez again aggressively rubbed his penis against Plaintiff's backside and laughed.

55. Defendants created a hostile working environment, which unreasonably interfered with Plaintiff's work environment.

56. **Plaintiff was treated differently by Defendants, solely due to his gender (male)**.

57. But for the fact that Plaintiff is a male, Defendants would not have treated him differently.

58. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

59. The above are just some of the ways Defendants discriminated against Plaintiff while employing him.

60. Corporate Defendants had knowledge of and/or acquiesced in the discrimination and/or harassment by Defendant LOPEZ.

8

61. Plaintiff's performance has been, upon information and belief, exemplary during the course of his employment with Defendants.

62. Plaintiff has been unlawfully discriminated against, retaliated against, humiliated, degraded and belittled, and as a result, suffers loss of rights, emotional distress, loss of income, and earnings.

63. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

64. As a result of the acts and conduct complained of herein, Plaintiff has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## **FLSA COLLECTIVE ACTION CLAIMS**

65. Plaintiff brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

66. At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

67. The claims of Plaintiffs stated herein are similar to those of the other similarly situated employees.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendants)

68. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

69. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for relief based upon the unlawful employment practices of the above-named Corporate Defendants. Plaintiff complains of Corporate Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender (male).

70. Corporate Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq., by discriminating against Plaintiff because of his gender (male).

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION
## UNDER THE NEW YORK STATE EXECUTIVE LAW

71. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

72. Executive Law § 296 provides that,

> 1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

73. Defendants ROSSOPOMODORO, SIMO, AND LOPEZ engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his gender (male).

## AS A THIRD CAUSE OF ACTION
## UNDER STATE LAW AIDING AND ABETTING

74. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

75. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

76. Defendants ROSSOPOMODORO, SIMO, AND LOPEZ engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

77. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

78. The New York City Administrative Code §8-107(1) provides that,

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment." (emphasis added).

79. Defendants ROSSOPOMODORO, SIMO, AND LOPEZ engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of his gender (male).

11

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

80. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

81. The New York City Administrative Code § 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

82. Defendants ROSSOPOMODORO, SIMO, AND LOPEZ engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A SIXTH CAUSE OF ACTION
## FOR ASSAULT AND BATTERY
## (Against Defendant LOPEZ)

83. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

84. By her actions as set forth above, Defendant LOPEZ subjected Plaintiff to battery. Defendant LOPEZ intentionally subjected Plaintiff to the fear of harmful and/or offensive physical contact. Defendant LOPEZ further intentionally placed Plaintiff in imminent reasonable apprehension of a harmful and/or offensive physical contact.

85. As a result of this harmful and/or offensive contact and/or reasonable apprehension of the same, Plaintiff sustained damages.

86. Plaintiff is entitled to the maximum amount allowed under this doctrine.

## AS A SEVENTH CAUSE OF ACTION
## FOR VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA
## (Against Defendants ROSSOPOMODORO, SIMO, AND FALCO)

87. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

88. Defendants failed to pay Plaintiff, and all others similarly situated, at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

89. Defendants' failure to pay Plaintiff, and all others similarly situated, at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

90. Plaintiff, and all others similarly situated, have been damaged in an amount to be determined at trial.

## AS AN EIGHTH CAUSE OF ACTION
## FOR VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA
## (Against Defendants ROSSOPOMODORO, SIMO, AND FALCO)

91. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

92. Defendants failed to pay Plaintiff, and all others similarly situated, overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

93. Defendants' failure to pay Plaintiff, and all others similarly situated, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

94. Plaintiff, and all others similarly situated, have been damaged in an amount to be determined at trial.

## AS A NINTH CAUSE OF ACTION
## FOR VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE NYLL
### (Against Defendants ROSSOPOMODORO, SIMO, AND FALCO)

95. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

96. Defendants paid Plaintiff, and all others similarly situated, less than the minimum wage, in violation of NYLL § 652(1) and supporting regulations.

97. Defendants' failure to pay Plaintiff, and all others similarly situated, at the applicable minimum hourly rate was willful within the meaning of NYLL § 663.

98. Plaintiff, and all others similarly situated, have been damaged in an amount to be determined at trial.

## AS A TENTH CAUSE OF ACTION
## FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE NYLL
### (Against Defendants ROSSOPOMODORO, SIMO, AND FALCO)

99. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

100. Defendants failed to pay Plaintiff, and all others similarly situated, overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

101. Defendants' failure to pay Plaintiff, and all others similarly situated, overtime compensation was willful within the meaning of NYLL § 663.

102. Plaintiff, and all others similarly situated, have been damaged in an amount to be determined at trial.

## AS AN ELEVENTH CAUSE OF ACTION
## FOR VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## (Against Defendants ROSSOPOMODORO, SIMO, AND FALCO)

103. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

104. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs 's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 137-1.7 and 137-3.11.

105. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

106. Plaintiff, and all others similarly situated, have been damaged in an amount to be determined at trial.

## AS A TWELTH CAUSE OF ACTION
## FOR VIOLATION OF NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NYLL
## (Against Defendants ROSSOPOMODORO, SIMO, AND FALCO)

107. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

108. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

109. Plaintiff, and all others similarly situated, have been damaged in an amount to be determined at trial.

## AS A TWELTH CAUSE OF ACTION
## FOR VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NYLL
## (Against Defendants ROSSOPOMODORO, SIMO, AND FALCO)

110. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

111. Defendants have not provided Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

112. Plaintiff, and all others similarly situated, have been damaged in an amount to be determined at trial.

## JURY DEMAND

113. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, and all others similarly situated, respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq., the New York State Human Rights Law, New York State Executive Law, § 296 et. seq., and the New York City Human Rights Law, Administrative Code § 8-107 et seq., in that Defendants discriminated, and retaliated against Plaintiff on the basis of his gender, and assaulted Plaintiff;

B. Awarding Plaintiff compensatory damages for mental, and emotional injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

C. Awarding Plaintiff, and all others similarly situated, punitive damages;

D. Declaring that Defendants violated the overtime wage and minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and all others similarly situated;

E. Awarding Plaintiff, and all others similarly situated, liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

F.      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

G.      Awarding Plaintiff, and all others similarly situated, damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable;

H.      Awarding Plaintiff, and all others similarly situated, damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

I.      Awarding Plaintiff, and all others similarly situated, liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

J.      Awarding Plaintiff and the FLSA class members attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

K.  Awarding Plaintiff and the FLSA class members such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
March 25, 2020

**PHILLIPS & ASSOCIATES,**
**Attorneys at Law, PLLC**

By: /s/ Shawn Clark
Shawn R. Clark, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
T: (212) 248-7431
F: (212) 901 - 2107
sclark@tpglaws.com